IN THE UNITED STATES BANKRUPTCY COUT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| In re: )<br>)<br>STEPHEN ROSCOE COLLINS, )<br>)<br>Debtor. )<br>)<br>_____ )<br>)<br>James L. Drake, Jr., Trustee for )<br>Stephen Roscoe Collins, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SEA ISLAND BANK, )<br>)<br>Defendant. ) | Chapter 7<br>Case No. 10-40868-LWD<br><br><br>Adversary Proceeding<br>Case No. 11-04082-LWD |

## MOTION TO DISMISS PURSUANT TO B.R. 7012(b)(6)

COMES NOW SEA ISLAND BANK ('Bank"), and hereby files this Motion to Dismiss Adversary Proceedings pursuant to B.R. 7012(b)(6), hereby showing the Court as follows. The Bank is entitled to dismissal because the Trustee's claims have been precluded by a prior adversary on the same set of facts.

### BACKGROUND

The debtor in this case filed for relief under Chapter 11 of the Bankruptcy Code on April 22, 2010. During the pendency of the bankruptcy, the debtor contended that his bankruptcy was not for reorganization purposes but for liquidation. On January 27, 2011, the debtor filed an adversarial complaint against the Bank seeking to set aside the Bank's judgment lien pursuant to §§506 & 547 of the Bankruptcy Code. Complaint, attached as Exhibit A. Because the debtor failed to state any facts in support of claims, the Bank moved to dismiss the Adversary under B.R. 7012(b)(6) or alternatively, for a more definite statement under B.R. 7012(e). The parties

entered a Consent Order allowing the debtor fifteen (15) days to refile his complaint. Consent Order attached as Exhibit B. After the debtor failed to do so, the Court entered an Order dismissing the case under B.R. 7012(b)(6). Dismissal Order attached as Exhibit C. The debtor's case was subsequently converted to Chapter 7 on June 3, 2011. The trustee then brought the current adversary based on the same set of facts as the previous case on December 13, 2011. The Bank now files this Motion to Dismiss on the basis that a final decision on the merits has already been reached in this case. The Bank admits that this is a core proceeding.

Bankruptcy Rule 7012 subpart (b) applies Fed.R.Civ.P. 12(b). A motion to dismiss pursuant to Rule 12(b)(6) can only be granted if the movant demonstrates beyond doubt that plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Harper v. Blockbuster Entm't. Corp., 139 F.3d 1385, 1387 (11th Cir. 1998). All of the facts alleged in plaintiffs complaint and every reasonable inference must be taken as true. Stephens v. Dept. of Health & Human Svcs., 901 F.2d 1571, 1573 (11th Cir. 1990). Because these same causes of action were brought by Stephen Collins as debtor-in-possession, the trustee's predecessor in interest, the trustee cannot set forth any facts that would not entitle the Bank to a dismissal based on res judicata.

The Bank is attaching for the Court's convenience copies of the pertinent documents from the previous adversary case. As the adversary was decided by this Court, the Court can take judicial notice of those proceedings. Nonetheless, the Court may want to invoke B.R. 7012(d) and treat this motion as one for summary judgment and allow all parties to present all material that is pertinent to the motion. If the Court does this, the Bank may offer additional evidence and analysis.

## ANALYSIS

The Court should dismiss this adversary because it has already entered a final judgment on the merits for the very same claims. In order to have res judicata, a prior decision must 1) be

rendered by a court of competent jurisdiction; 2) be final; 3) involve the same causes of action; and 4) involve the same parties or their privies. Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1269 (11th Cir. 2002). The first three criteria are probably not at issue in this case. The Bankruptcy Court is patently a court of competent jurisdiction to decide a preference issue arising under §547. An order dismissing a case under Fed.R.,Civ.P. 12(b)(6) or B.R. 7012(b)(6) is a final judgment on the merits for purposes of res judicata. Federated Department Stores v. Moitie, 452 U.S. 394, 399 (1981); accord United States ex. rel Atkins v. McInteer, 470 F.3d 1350, 1357 (11th Cir. 2006).

Furthermore, this case involves the same causes of action as the previous adversary. The previous case, like this one, asked the Court to avoid the Bank's judgment lien as a preference under §547. The present case also sets forth claims under §§550 & 551, which are premised on the judgment lien being declared an avoidable preference under §547. Res judicata bars all claims in the current cause of action because it bars all claims that arise out of the same cause of action. Trustmark, 299 F.3d at 1269-70. A claim is part of the same cause of action when it arises out of the same transaction or series of transactions. Id at 1270. In other words, claims that arise out of the same nucleus of operative facts are barred by a prior decision on those facts. Id. In this case, the trustee's claims under §§550 & 551 arise out of the Bank's attainment of a judgment lien against the estate. Indeed, the text of §§550 & 551 requires an avoidance under §547 or other avoidance power. The trustee's pleading under these claim rely heavily upon the facts supporting the judgment lien. Accordingly, these claims involve the same nucleus of operative fact and are likewise barred by the Court's final decision in the prior adversary.

The Court should also find that the trustee is in privity with the debtor and is bound by the debtor's previous adversary. A non-party to the previous action is in privity with another party where 1) the non-party has succeeded to the party's interest in property; 2) a non-party controlled the original suit; or 3) the non-party's interests were adequately represented by the

party. Southwest Airlines Co. v. Tex. Int'l. Airlines, 546 F.2d 95 (5th. Cir. 1977).[1] A Chapter 7 trustee succeeds in interest with respect to a judgment against the debtor to the extent that debtor's interests were involved. In re Worldcom Inc., 401 B.R. 637, 646 (Bankr. S.D. N.Y. 2009). The trustee in bankruptcy is a successor to the bankrupt and for many purposes is deemed in privity with the bankrupt. In re Silver Mill Frozen Foods Inc., 32 B.R. 783, 785(Bankr. W.D. Mich. 1983). In this case, the debtor's interest was definitely involved in the prior adversary action which was brought by the debtor for the same purpose as that currently of the trustee. Therefore, the trustee is bound to this Court's prior order dismissing the same preference avoidance action filed by the debtor because he is a successor in interest to the debtor with respect to the adversary.

The trustee is in privity with the debtor in this case because his interests were aligned with the debtor's in the prior action. A prior judgment is binding on a succeeding party where the parties are interests are so closely aligned that as to be virtual representatives. First Ala. Bank of Montgomery v. Parsons Steel Inc., 747 F.2d 1367, 1378 (11th Cir. 1984)(rev'd on other grounds, 474 U.S. 518 (1986)). Privity is realized where the prior and present parties have similar incentives, powers, and opportunities to investigate and litigate the issue. In re Monument Record Corp., 71 B.R. 853, 861 (Bankr. M.D. Tenn. 1987). A debtor in possession in a Chapter 11 case has many of the same responsibilities as a Chapter 11 trustee. §§1107. A Chapter 11 trustee, in turn, has many of the same responsibilities as a Chapter 7 trustee, including the use of avoidance powers such as that in §547. §1106(a) (citing to §704). In fact, a Chapter 11 debtor in possession is a fiduciary for the estate and the creditors much the same way that a Chapter 7 trustee is. §1107(a); In re United Healthcare Sys., 200 F.3d 170, 177 fn.9 (3rd Cir. 1999) (citing to Commodities Futures Trading Comm'n. v. Weintraub, 471 U.S. 343, 355

---

[1] **Error! Main Document Only.**Decisions of the Fifth Circuit prior to the circuit split are binding in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981).

(1985)). Thus, the debtor's interests in bringing the §547 avoidance action were aligned with the trustee's interests in bringing the current suit. The trustee is in privity with the debtor and bound by the result of the previous adversary.

This case can be distinguished from other cases in which privity was not found. For example, unlike the parties in Silver Mill Frozen Foods, 32 B.R. at 785, in which the Chapter 11 debtor did not bring a §547 avoidance action in an adversary case based on the same set of facts, the debtor in this case did bring the exact same cause of action in the previous adversary. Similarly, this case can be distinguished from that of In re Community Hospital of Rockland County, 15 B.R. 785, in which the Chapter 11 debtor attempted to use §724 to subordinate a tax lien. Instead, the debtor in this case used the avoidance power under §547 that is a power common to both Chapter 11 debtors and Chapter 7 trustees. Likewise, this case is different from that of Worldcom, 401 B.R. at 646 because this case does not involve the trustee's interest in a prepetition judgment against the debtor. This case involves the exact same bankruptcy claim that was raised in the previous case during the course of the debtor's bankruptcy filing. As such, this Court should find that the general rule of privity between debtor and trustee applies in this case and that the trustee is bound to the judgment in the previous action to avoid the Bank's judgment lien.

## CONCLUSION

The Court should find that res judicata bars the trustee's adversary complaint in this case because the trustee is bound by the Court's prior decision in the exact same case brought by the debtor. The Court's Order dismissing the case under B.R. 7012(b)(6) is a final decision on the merits that is entitled to res judicata status. The facts are the same in both cases because both involve the same nucleus of operative facts in that both seek to avoid the Bank's judgment lien under §547. Finally, the parties are in privity with each other because the trustee is the successor to the debtor's interests and the debtor had the same rights and obligations as the trustee when

the initial action was brought. Accordingly, the trustee's claims are barred and the Court should DISMISS this case.

    This 12th day of January, 2012.

                              BROWN ROUNTREE PC

                        By: /s/ Laura H. Wheaton
                            Laura H. Wheaton
                            State Bar No. 751221

Counsel for Sea Island Bank
P.O. Box 1988
Statesboro, GA 30459
(912) 489-6900

IN THE UNITED STATES BANKRUPTCY COUT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| In re: )<br>)<br>STEPHEN ROSCOE COLLINS, )<br>)<br>    Debtor. )<br>)<br>)<br>_____ )<br>)<br>James L. Drake, Jr., Trustee for )<br>Stephen Roscoe Collins, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SEA ISLAND BANK, )<br>)<br>    Defendant. ) | Chapter 7<br>Case No. 10-40868-LWD<br><br><br>Adversary Proceeding<br>Case No. 11-04082-LWD |

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that the undersigned attorney for the Bank did this date serve a copy of the MOTION TO DISMISS upon all parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

                              Shawna Y. Staton
                              ss.drakelaw@att.net

THIS IS TO FURTHER CERTIFY that the undersigned attorney for The Bank did this date serve a copy of the MOTION TO DISMISS upon the parties of record by depositing a copy of same in a properly addressed envelope with adequate First Class U.S. postage thereon to the following address:

                              Shawna Y. Staton
                              James L. Drake, Jr., PC
                              7 East Congress Street, Suite 901
                              P.O. Box 9945
                              Savannah, GA 31412

Submitted this 12th day of January, 2012.

                                                BROWN ROUNTREE PC

                                                /s/ Laura H. Wheaton
                                                Laura H. Wheaton
Attorney for Defendant                   Georgia State Bar No. 751221
P.O. Box 1988
Statesboro, GA 30459
(912) 489-6900



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| In re: ) | |
| ) | |
| Stephen Roscoe Collins, ) | |
| ) | |
| Debtor. ) | Chapter 11 |
| ) | Case No. 10-40868-LWD |
| _____ ) | |
| ) | |
| Stephen Roscoe Collins, ) | |
| ) | Adversary Proceeding |
| Plaintiff. ) | Case No. _____ |
| ) | |
| v. ) | |
| ) | |
| Sea Island Bank, as a division of ) | |
| Synovus Bank, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT TO DETERMINE VALIDITY, PRIORITY AND EXTENT OF CLAIM

COMES NOW debtor/plaintiff, Stephen Roscoe Collins and files this complaint to determine the validity, priority and extent of claim and to avoid the judgment lien of Sea Island Bank.

1.

Debtor/plaintiff Stephen Roscoe Collins filed a Chapter 11 bankruptcy on April 22, 2010. The instant proceeding is core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (K). Venue and jurisdiction are proper in this Court.

2.

Defendant Sea Island Bank, a division of Synovus Bank, is a Georgia corporation subject to the jurisdiction of this Court upon which service may be perfected by serving its registered agent Corporation Service Technology Parkway South, Suite 300, Norcross, Georgia, 30092.

Wherefore, debtor/plaintiff Stephen Roscoe Collins respectfully requests this Court to avoid the judgment lien of Sea Island Bank pursuant to 11 U.S.C. §§ 506 and 547 and for all costs of Court and for such other and further relief as this Court deems just and proper.

This 27th day of January, 2011.

/s/ J. Michael Hall
J. Michael Hall
Attorney for Plaintiff/Debtor
GA State Bar No. 319333

Hall & Kirkland, P.C.
2036 Highway 21 South
Springfield, GA 31329
(912) 754-7078
(912) 754-7173 facsimile

X:\HK DATA\Bankruptcy\COLLINS - DELARAE\SEA ISLAND v COLLINS & DEL A RAE\Adversary Complaint to Avoid Judgment Lien of Sea Island Bank-Revised Debtor.wpd



EXHIBIT
B

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

**FILED**
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
By lbarnard at 11:02 am, Apr 12, 2011

In re: )
)
STEPHEN ROSCOE COLLINS, )
)
Debtor. )
)
_____ )  Chapter 11
) Case No. 10-40868-LWD
STEPHEN ROSCOE COLLINS, )
)
Plaintiff, ) Adversary Proceeding
) Case No. 11-04006-LWD
v. )
)
SEA ISLAND BANK, as a division of )
Synovus Bank, )
)
Defendant. )

## CONSENT ORDER

Before the Court is Sea Island Bank's Motion to Dismiss or, in the Alternative, for a More Definite Statement. The Bank's motion for a more definite statement filed under Bankruptcy Rule 7012(e) is hereby GRANTED and the debtor-plaintiff is HEREBY ORDERED to file an amended complaint with a more definite statement within fifteen (15) days of the date of this Order. If the debtor fails to so file, the Complaint will be dismissed pursuant to Bankruptcy Rule 7012(b)(6). If an amended complaint is timely filed, the Motion to Dismiss shall be denied.

4/12/11
DATE

HONORABLE LAMAR W. DAVIS, JR.
United States Bankruptcy Court
Southern District of Georgia

ORDER PREPARED BY:

/s/ Laura H. Wheaton
Laura H. Wheaton
BROWN-ROUNTREE PC
Counsel for Defendant
Georgia State Bar No. 751221
Post Office Box 1988
Statesboro, Georgia 30459
(912) 489-6900

CONSENTED TO BY:

/s/ J. Michael Hall
J. Michael Hall
HALL & KIRKLAND
Counsel for Debtor/Plaintiff
Georgia State Bar No. 319333
2036 Highway 21 South
Springfield, GA 31329
(912) 754-7078

Consent Order on Sea Island Bank's Motion for More Definite Statement
Debtor, Stephen Roscoe Collins, Case No. 10-40868-LWD
Adversary Proceeding No. 11-04006-LWD



EXHIBIT
C

# UNITED STATES BANKRUPTCY COURT
## Southern District of Georgia

In the matter of:

Stephen Roscoe Collins
Chapter 11  Case No. 10-40868-LWD
*Debtor(s)*

**FILED**
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
By lbarnard at 11:25 am, May 17, 2011

Stephen Roscoe Collins
*Plaintiff(s)*

vs.

Sea Island Bank, a division of Synovus Bank
*Defendant(s)*

Adversary Proceeding
No. 11-04006-LWD

## ORDER DISMISSING ADVERSARY PROCEEDING

IT IS HEREBY ORDERED that the above-captioned adversary proceeding is hereby dismissed due to plaintiff-debtor having failed to timely file an amended complaint, and Sea Island Bank's Motion to Dismiss is Granted.

_____
Lamar W. Davis Jr.
United States Bankruptcy Judge
PO Box 8347
Savannah, GA 31412

Date of issuance: 5/16/11

*A-09[Rev. 02/07]*